CONNECTICUT GENERAL LIFE INSURANCE COMPANY *v.* SPEER.

Opinion delivered April 18, 1932.

*Powell, Smead & Knox,* for petitioner.
*Surrey E. Gilliam,* for respondent.

HART, C. J. The Connecticut General Life Insurance Company filed in this court an application for a writ of prohibition against W. A. Speer, judge of the Second Division of the Union Circuit Court, to prohibit said court from exercising jurisdiction in a suit brought against the petitioner by Walter J. Williams.

The record shows that Williams brought suit in said circuit court against the Connecticut General Life Insurance Company to recover upon two contracts of insurance which were issued under what is called the "group insurance" plan.

The Connecticut General Life Insurance Company was organized and doing business under the laws of Connecticut. It issued a group or master policy of insurance to the Gulf Oil Corporation of Pennsylvania, and its subsidiary corporations. The Gulf Refining Company of Louisiana was one of the subsidiary corporations. The master policy contains in detail the terms upon which the insurance is issued.

In one of the contracts sued on, the premiums were paid by the Gulf Oil Corporation of Pennsylvania without any reference to any amounts to be collected from the employees of the oil corporation.

On the second contract sued on, the employee signed an application in blank form which reads as follows:
"Application
"No.......................... Date...............................................................

"I hereby apply for Contributory Group Life Insurance in amount now or hereafter applicable to my class provided for in the policy issued by the Connecticut General Life Insurance Company and rider dated November 1, 1929, to the Gulf Oil Corporation of Pennsylvania, agreeing to be bound by the rules governing this insurance, and I authorize the Gulf Oil Corporation of Pennsylvania and/or subsidiaries and/or affiliated companies, to deduct in advance the necessary amount per month from my pay, to apply towards premium for said insurance.

"I reserve the right to rescind the order in writing at any time.
"(Signature)..................................................."
This application or deduction blank was presented to Williams while at work on a lease in Union County, Arkansas, by an employee of the Gulf Refining Corporation of Louisiana. The insured, Williams, was working for the latter company at the time he signed the application. The insurance company had nothing whatever to do with the matter.

Service was had in the suit on the insurance contract upon petitioner in the manner provided by statute

for suing foreign corporations doing business in this State.

The insurance company appeared only for the purpose of quashing the service of summons upon it, and the ground therefor was that it was a foreign corporation; that it was not authorized to do business in the State of Arkansas; and that it had not done business in said State.

It is first sought to establish jurisdiction in the circuit court in the suit on the insurance contract by the agency of the oil corporation in taking applications for insurance for its employees.

We have not set out the master contract of insurance in detail and do not deem it necessary to do so. It is sufficient to say that similar contracts of insurance under the group plan have been construed not to constitute the insured as agent of the insurer to solicit applications for insurance from its employees. *Duval* v. *Metropolitan Life Insurance Co.*, 82 N. H. 543, 136 Atl. 400, 50 A. L. R. 1276; and *Leach* v. *Metropolitan Life Ins. Co.*, 124 Kan. 584, 261 Pac. 603.

In one of the contracts the employer paid all the premiums and costs of handling the insurance for its employees. In the other deduction was made from the wages of the employees signing the application to pay a part of the premium. Under these circumstances the employer was not the agent of the insurance company, and had no authority to act for it.

The fact that the employees of the oil corporation were to be insured did not create the oil corporation the agent of the insurance company. It was merely one of the terms or conditions upon which the insurance company would issue a policy at the request of the employer. By the terms of the policy, the insurance company looked to the employer for the payment of the premiums. It did not make any difference to the insurance company that the oil corporation might collect a part of the premiums from its employees. The employee was insured because

he made application through a contract executed for his benefit by the oil corporation with the insurance company.

The contract was executed and the whole transaction had beyond the limits of the State of Arkansas, and the rights of the parties were fixed by that contract. As above stated, the insurance company was not concerned with how many of the employees of the oil corporation made application for insurance. That was a matter between the oil corporation and its employees. Therefore, under the authorities above cited, we are of the opinion that the petitioner was not doing business within the State of Arkansas nor was it attempting to carry on its insurance business in this State.

It is next insisted that, under § 6061 of Crawford & Moses' Digest, the employees of the Gulf Refining Company of Louisiana became agents of the insurance company by securing applications in the blank form above set out to be issued to the employees of the company in the State of Arkansas.

The section reads as follows: "Effect of agent soliciting insurance. Any person who shall hereafter solicit insurance or procure applications shall be held to be soliciting agent of the insurance company or association issuing a policy on such application, or on a renewal thereof, anything in the application or policy to the contrary notwithstanding; and whenever any agent of a corporation or association shall do any of the acts named in § 5978 within this State, said corporation or association shall be subject to the jurisdiction of the courts of this State by service named in § 6063, whether said corporation or association has complied with the requirements of said last-named section or not."

This section of our statute was passed by the Legislature in 1895 and was borrowed from a statute passed in the State of Iowa in 1880.

It is the settled law of this State that, where the Legislature adopts a statute of another State, which has been construed by the courts of that State, it will be held that that interpretation was also adopted. *Nebraska*

*Nat. Bank* v. *Walsh,* 68 Ark. 433, 59 S. W. 952; *Hanson* v. *Hodges,* 109 Ark. 479, 160 S. W. 392; *McIlroy* v. *Fugitt,* 182 Ark. 1017, 33 S. W. (2d) 719.

The Iowa statute was construed by the Supreme Court of that State on December 20, 1888, which was before our Legislature passed our statute. In *St. Paul Fire & Marine Ins. Co.* v. *Shaver,* 76 Ia. 282, 41 N. W. 19, the court said:

"The purpose of the statute was to settle, as between the parties to the contract of insurance, the relation of the agents through whom the negotiations were conducted. Many insurance companies provided in their applications and policies that the agent by whom the application was procured should be regarded as the agent of the insured. Under that provision, they were able to avail themselves, in many cases of loss, of defenses which would not have been available if the solicitor had been regarded as their agent, and many cases of apparent hardship and injustice arose under its enforcement, and that is the evil which was intended to be remedied by the statute, and it ought to be so interpreted as to accomplish that result."

The same construction was placed upon it in the latter case of *Jemison* v. *State Insurance Company,* 85 Iowa 229, 52 N. W. 185.

Hence the Legislature will be held to have adopted the construction placed upon the statute by the Supreme Court of the State of Iowa.

The result of our views is that, under the allegations of the petition, the circuit court is about to exercise judicial power over a nonresident corporation which is not authorized to do business in this State, and which has not attempted to do any business here.

No service of process can be legally had on the petitioner in the Union Circuit Court. Therefore prohibition is the proper remedy. *Order of Railway Conductors of America* v. *Bandy,* 177 Ark. 694, 8 S. W. (2d) 448; *Metzger* v. *Mann,* 183 Ark. 40, 34 S. W. (2d) 1069.

From the views we have expressed, it follows that petitioner had no adequate remedy at law, and the writ of prohibition should be granted.

It is so ordered.