GENTRY *v.* SMITH.

4-3988

Opinion delivered July 1, 1935.

*Carl E. Bailey,* Attorney General, and *Guy E. Williams,* Assistant, for appellant.

*Mehaffy & Mehaffy,* for appellee.

SMITH, J.   Appellee filed a complaint against U. A. Gentry, State Commissioner of Insurance, which contained the following allegations: Plaintiff operates a retail drug store.   Gentry is the duly appointed and acting Commissioner of Insurance for the State of Arkansas. Joseph A. Young is doing business under the name of American Advertising Company, and sells advertising plans in various forms.   The Southern National Insurance Company is a corporation organized under the laws of this State, and is duly authorized to transact an insurance business in the State, including the issuance of automobile accident policies.   The advertising company has the exclusive right to use certain copyrighted plans and insurance policies designed to be used as an advertising medium and business stimulus.   The advertising company has purchased from the insurance company a large number of insurance policies, which are printed on the backs of sales tickets which are issued to persons making purchases from the drug company.   The policies thus printed read as follows:

"Signature of holder                                    Date

---

"For the premium received, the undersigned company agrees should death of the holder, if between the ages of 10 and 65, occur within 24 hours from noon (S. T.) of the date hereon from direct contact with an automobile to pay to his or her estate $200 upon proof of death and the surrender of this policy, which is not valid unless signed and dated in holder's own handwriting on date acquired.   The company's liability is limited to $200 regardless of the number of policies held by any one person.   (Copyrighted 1935.)

"SOUTHERN NATIONAL INSURANCE Co.
"Little Rock, Ark.

"W. H. BOYD, Secretary.          L. M. SAXON, President."

The advertising company has paid the premiums to the insurance company on each of these policies, and has given the plaintiff druggist a number of them, one of

which he delivers to each customer who makes a purchase, the policies being delivered without cost to the purchaser.

The Insurance Commissioner asserts that the practice is violative of the insurance laws of the State, in that plaintiff has not obtained the certificate of authority required by law to act as an insurance agent. Plaintiff alleges that he is not engaged as an insurance agent, for the reason that the advertising company had paid the premiums on said policies before the delivery thereof to him, and he prays that the Commissioner be enjoined from interfering with this practice and from attempting to require plaintiff to procure the certificate of authority which the law requires all insurance agents to have.

The Commissioner demurred to this complaint. The demurrer was overruled, and a restraining order was issued as prayed, and the appeal is from that decree. The question for decision is whether the plaintiff druggist is acting as the agent of the insurance company.

Section 6061, Crawford & Moses' Digest, reads as follows: "Any person who shall hereafter solicit insurance or procure applications shall be held to be soliciting agent of the insurance company or association issuing a policy on such application, or on a renewal thereof, anything in the application or policy to the contrary notwithstanding; and whenever any agent of a corporation or association shall do any of the acts named in § 5978 within this State, said corporation or association shall be subject to the jurisdiction of the courts of this State by service named in § 6063, whether said corporation or association has complied with the requirements of said last-named section or not."

We think plaintiff is a soliciting agent within the meaning of this section. It is true, of course, that plaintiff is not primarily interested in the issuance of the policies. But he is interested in increasing his sales, and this is the method of accomplishing that purpose. Customers are induced to buy from him on account of the limited yet valuable protection which the policy affords.

Now, the printing of the policies on the back of the sales tickets by the insurance company and the sale and

delivery thereof by the advertising company does not complete the contract of insurance. An essential part of the transaction remains unperformed. It is essential that these printed cash tickets be issued and delivered to the persons insured, who, in the last analysis, pay and furnish the consideration which makes the transaction profitable and possible. These policies afford no insurance protection to the advertising company which pays the premiums in the first instance. The payment of premium is made with the expectation of passing on the cost thereof to some one else. The policies would be without value to the advertising company if this were not done. The transaction is futile and without result unless a policyholder is found, and it is the business of the plaintiff druggist to find that person. This is the essence of the transaction. The policies would not otherwise be issued. The business is to be solicited, and the plaintiff is the solicitor. He makes his profit in increased sales. The issuance of one policy makes possible the sale of another.

It is true no application is required for the insurance. The policies are issued without formal application, but it is true also that they must be issued. They are not issued when sold in quantities by the insurance company to the advertising company. They are only ready for issuance. They do not become effective until the insured writes his name as the party insured in the appropriate space prepared for that purpose and the date of issuance stamped thereon, to the end that the period of the policy's effectiveness may be evidenced. After issuance the policy continues in force for only twenty-four hours, and this time begins to run, not from the date of the sale by the insurance company to the advertising company, but from the time plaintiff makes a sale, upon which consideration the policy is delivered to the person insured, whose name as the insured is then written thereon.

The agency is indirect, but it exists. There is conferred upon the plaintiff, as a part of the transaction, the power to fix a contingent liability upon the insurer, and this power makes the plaintiff the soliciting agent of the insurer. If he did not have the authority to act for

the insurer, the latter would not be bound by his action in the issuance of the policy. We conclude therefore that the plaintiff druggist is a soliciting agent of the insurer, and that it was error to overrule the demurrer.

The case of *Connecticut General Life Insurance Co.* v. *Speer,* 185 Ark. 615, 48 S. W. (2d) 553, is cited and relied upon for the affirmance of the decree from which this appeal comes. In that case the insurance company issued a group or master policy of insurance to the Gulf Oil Corporation of Pennsylvania, an employer, to include employees who signed an application to be included in the group policy, and also authorized the deduction in advance of the necessary amount per month from the pay of the employee to apply on the payment of the premium for said insurance. An application or deduction blank was presented to one Williams, an employee, and was signed by him. Williams was injured during the course of his employment, and brought suit against the insurance company under the group policy. Service was had in the suit on the insurance company in the manner provided by statute for suing foreign corporations doing business in the State. The insurance company appeared for the purpose only of quashing the service of summons upon it, on the ground that it was not authorized to do business in the State, and had done none. Upon this motion being overruled, application was made to this court for a writ to prohibit the circuit court in which the suit was pending from exercising jurisdiction.

It was held, in granting the writ, that the contract— the group policy—was executed and the whole transaction had beyond the limits of the State of Arkansas, and that the insurance company could not be sued as a foreign corporation doing business in this State.

It was first sought to establish jurisdiction of the circuit court in the suit on the insurance contract by the agency of the oil corporation in taking applications for insurance from its employees; and it was also insisted that under § 6061, Crawford & Moses' Digest, above quoted, the employees of the Gulf Oil Corporation became agents of the insurance company by securing ap-

plications in the blank form to be issued to the employees of the oil corporation in the State of Arkansas.

The first contention was disposed of by saying that similar contracts of insurance under the group plan had been construed not to constitute the insured as the agent of the insurer to solicit applications for insurance from the employees of the insured, and cases were cited so holding.

The second contention was disposed of by saying that § 6061, Crawford & Moses' Digest, was borrowed from a previous statute passed in Iowa, which had been construed by the Supreme Court of that State before its enactment here, and that, in adopting the statute of that State, it would be held that the interpretation placed upon it was also adopted. We there quoted from the opinion of the Supreme Court of Iowa as follows: "'The purpose of the statute was to settle, as between the parties to the contract of insurance, the relation of the agents through whom the negotiations were conducted. Many insurance companies provided in their applications and policies that the agent by whom the application was procured should be regarded as the agent of the insured. Under that provision, they were able to avail themselves, in many cases of loss, of defenses which would not have been available if the solicitor had been regarded as their agent, and many cases of apparent hardship and injustice arose under its enforcement, and that is the evil which was intended to be remedied by the statute, and it ought to be so interpreted as to accomplish that result.'"

We do not think that opinion is decisive of the question here raised because of the difference in the facts. This insurance was written in this State. The policies were issued and delivered, and the premiums were paid in this State. Each policy was a separate and distinct contract having no relation to any other policy of insurance, and none of them became effective as contracts of insurance until plaintiff had made a sale of merchandise and had made delivery of a sales ticket upon which the policy was printed. In the case cited there was only one policy, this being the group policy, which was written and delivered beyond the confines of the State. Here

there were as many policies as there were sales, it being provided, however, that the insured might recover on only one policy, the maximum liability for injury being limited to $200.

In the opinion in the case cited *supra*, it was said: "By the terms of the policy, the insurance company looked to the employer for the payment of the premiums. It did not make any difference to the insurance company that the oil corporation might collect a part of the premiums from its employees. The employee was insured because he made application through a contract executed for his benefit by the oil corporation with the insurance company."

In that case there was a single policy issued and delivered beyond the limits of the State. In the instant case there were many separate policies, no one of which had any relation to any other, each being a separate contract issued to persons named in the policies, all of which were issued and delivered within this State, and the plaintiff's participation in the transaction constituted him the agent of the insurer.

The decree will therefore be reversed, and the cause remanded with directions to sustain the demurrer, and for further proceedings not inconsistent with this opinion.