# FARMERS UNION LIVE STOCK COMMISSION, Inc. v. DISTRICT COURT OF SEVENTH JUDICIAL DIST. et al.

No. 5474.   Decided October 18, 1937.   (72 P. [2d] 448.)

*DeVine, Howell & Stine* and *A. W. Agee,* all of Ogden, for plaintiff.

*King & King, Parnell Black,* and *Knox Patterson,* all of Salt Lake City, for defendants.

FOLLAND, Chief Justice.

This is a petition for a writ of prohibition restraining the Judges of the District Court of Emery County from proceeding against the plaintiff herein in a cause pending in that court wherein J. H. Mangum is plaintiff and the Farmers Union Live Stock Commission, Inc., and another, are defendants. The only question for decision is whether or not service of summons on W. E. Quayle and W. F. Tarmohlen, president and secretary, respectively, of the Farmers Union Live Stock Commission, Inc., a Colorado corporation, is service on such corporation subjecting it to the jurisdiction of the District Court of Emery County. At the time of such service the persons named were in Ogden, Utah, in attendance at a meeting of the board of directors of a Utah corporation of which they were members, and they were not there representing plaintiff corporation nor were they or either of them doing any business for said corporation, nor was such corporation at the time engaged in the doing of any business within the State of Utah. The corporation had done business in Utah at a time some months prior thereto. The corporation had never complied with the statute respecting foreign corporations doing business within the State, had no process agent in the State, and had never been authorized to do business in Utah.

In the District Court plaintiff here appeared specially and objected to the jurisdiction of that court and moved to quash service of summons. The motion was supported by affidavits. The trial court found that at the time of service of summons plaintiff was not engaged in the doing of business within the State, and that at the time neither Quayle nor

Tarmohlen were in the State upon any business for petitioner, but nevertheless denied the motion to quash and made an order requiring defendant corporation to plead and answer within twenty days. Plaintiff by its petition, on these facts, challenges the jurisdiction of the District Court to proceed in the cause against it and prays that the court be prohibited by the issuance of a writ of prohibition from this court. *Glasmann* v. *District Court*, 80 Utah 1, 12 P. (2d) 361.

It is well settled, unless otherwise controlled by statute, that service of process on an officer of a foreign corporation casually or temporarily found within a state where the corporation is not then doing business will not confer jurisdiction to render judgment against the corporation. 8 Thompson on Corporations (3d Ed.) 1006, § 6719. It is said the officers or agents of the corporation under such circumstances do not carry with them their official character or functions in connection with the foreign corporation. In other words, they do not thereby bring the corporation with them so that it may be subjected to the service of process. 21 R. C. L. 1352. A federal question relating to due process of law under the provisions of the Fourteenth Amendment to the Federal Constitution is involved; hence the decisions of the federal courts are pertinent and controlling. It was said by the Supreme Court of the United States in *Consolidated Textile Corporation* v. *Gregory*, 289 U. S. 85, 53 S. Ct. 529, 530, 77 L. Ed. 1047:

"In order to hold a foreign corporation not licensed to do business in a state responsible under the process of a local court the record must disclose that it was carrying on business there at the time of attempted service. *International Harvester Co.* v. *Kentucky*, 234 U. S. 579, 583, 585, 34 S. Ct. 944, 58 L. Ed. 1479.

" 'The general rule deducible from all our decisions is that the business must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized officers or agents present within the state or district where service is attempted.' *People's Tobacco Co.*

v. *American Tobacco Co.*, 246 U. S. 79, 87, 38 S. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537."

Our decision is restricted to the facts recited. It is apparent from the record that the Farmers Union Live Stock Commission, Inc., was not doing business in Utah at the time of the attempted service, nor were the officers attempted to be served representing or doing business for the corporation at the time of such service. The corporation, therefore, cannot be said to have been subject to service of process in this State.

The motion to quash service of summons should have been granted. The alternative writ of prohibition heretofore issued is made permanent. Costs to plaintiff.

HANSON, MOFFAT, WOLFE, and LARSON, JJ., concur.