VICTORY CARRIERS, INC., *v.* ALLEN R. HAWKINS, CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT, AND ANTONIO CUBELO AND GLORIA CUBELO.

No. 4165.

MAY 5, 1960.

TSUKIYAMA, C. J., MARUMOTO, WIRTZ, LEWIS, JJ., AND CIRCUIT JUDGE CORBETT IN PLACE OF CASSIDY, J., DISQUALIFIED.

OPINION OF THE COURT BY MARUMOTO, J.

Victory Carriers, Inc., petitioner, is a Delaware corporation having its principal office in New York. It has no office in Hawaii.

Petitioner was joined as a defendant in Civil No. 5366, a tort action filed in the circuit court, first circuit, by Antonio Cubelo and Gloria Cubelo, husband and wife, plaintiffs, for recovery of damages incident to injuries allegedly suffered by the husband on September 24, 1957, while doing stevedoring work on the vessel S.S. Longview Victory, which was then moored to a dock in Honolulu harbor.

According to the return of the serving officer, summons in the action was served upon petitioner, in Honolulu, by delivering a certified copy thereof and of the complaint to Kenneth M. Young, assistant treasurer of Oahu Railway and Land Company.

Petitioner appeared specially in the circuit court and moved to dismiss the complaint, or, in the alternative, to quash the return of service of the summons, on the ground that the court did not have jurisdiction over it inasmuch as it did not do business in Hawaii and did not have any

representative in Hawaii upon whom service might be made pursuant to H.R.C.P., Rule 4 (d)(3).

At the hearing on the motion, petitioner adduced the testimony of Kenneth M. Young, who testified that he was assistant treasurer of Oahu Railway and Land Company; that he was served with a complaint addressed to petitioner; that, at the time of such service, the serving officer inquired whether he was an officer of Oahu Railway and Land Company, but did not inquire whether Oahu Railway and Land Company was petitioner's agent; that petitioner is a Delaware corporation; that petitioner did not have any office, general agent or property in Hawaii; that Oahu Railway and Land Company occasionally represented petitioner in Hawaii but did not have any agency contract with it; that he had no conception as to the number of petitioner's vessels that called at Hawaiian ports annually; that he did not have personal knowledge of the dealings of Oahu Railway and Land Company with petitioner; that Oahu Railway and Land Company did business with petitioner through its ship handling department under Mr. Thibadeau and Mr. Turner; that petitioner owned the vessel S.S. Longview Victory; that it was his understanding that Oahu Railway and Land Company had occasionally served as agent for the vessel but he was not familiar with the exact times; that he checked and found out that Oahu Railway and Land Company did not serve as agent for the vessel on the particular occasion mentioned in plaintiffs' complaint.

At the conclusion of the hearing, Judge Allen R. Hawkins, presiding judge, denied petitioner's motion. He also denied petitioner's request for leave to take an interlocutory appeal from such denial. Thereupon, petitioner brought the instant proceeding seeking the issuance by this court of a writ of prohibition forbidding the presiding judge and the plaintiffs in Civil No. 5366 from proceeding

further against it in the cause. An alternative writ, which was issued upon the filing of petitioner's amended petition for writ of prohibition, is now in force.

The presiding judge has not filed any responsive pleading. Respondents Antonio Cubelo and Gloria Cubelo resist the relief sought by petitioner on the following grounds: (1) that the amended petition fails to state a claim upon which relief can be granted; (2) that such petition shows on its face that petitioner has an adequate remedy at law by appeal; (3) that such petition shows on its face that the circuit court had jurisdiction to hear and determine the motion to dismiss or quash, and the mere fact that the court ruled against petitioner is no ground for the issuance of a writ of prohibition by this court; (4) that petitioner has waived any alleged immunity from service by voluntarily appearing in this proceeding and seeking relief in a court of this State; (5) that such petition shows on its face that petitioner is not qualified to sue in this court under R.L.H. 1955, § 174-10; and (6) that the transcript of the testimony of Kenneth M. Young affirmatively shows that petitioner was doing business in Hawaii, was amenable to service through its authorized agent here, and was properly served through such agent. We see no merit in any of the defenses.

The first defense is based on *McCaw* v. *Moore,* 39 Haw. 157. In that case, this court denied the writ because the petition as to the cause of action brought in the circuit court neither alleged the ground for the issuance of the writ set forth in the statutory definition of prohibition, nor met the statutory requirements of a petition for a writ of prohibition. Here, the amended petition alleges that the cause in the circuit court "is beyond the jurisdiction of the court in that it has no jurisdiction over the person of petitioner," and contains other allegations which bring it within the definition of prohibition.

254

With reference to the second defense, this court decided in *Andrews* v. *Whitney*, 21 Haw. 264, that availability of appeal was not a bar to the issuance of a writ of prohibition to prevent a trial court from proceeding in a cause in which the matter in litigation was beyond its cognizance. In this proceeding, the writ is sought not because the matter in litigation is beyond the cognizance of the circuit court but on the ground that the court has no jurisdiction over the person of petitioner. The basis for the decision in *Andrews* v. *Whitney* was that appeal can only be resorted to after judgment and does not prevent the expense, vexation and annoyance of an unauthorized proceeding. We think that the same reasoning applies here. As stated in *State* v. *District Court*, 97 Mont. 160, 33 P. 2d 526: "In the circumstances shown above, why should a nonresident be put to the inconvenience and expense of answering a complaint, preparing for trial, bringing his witnesses from a sister state and going through the form of, perhaps, a long drawn out trial, suffer judgment to be entered against him, and appeal to the Supreme Court, all for the purpose of having the court declare that the whole proceeding was needless and without effect, as the trial court was without jurisdiction?"

We answer the third defense by quoting the following statement from *State* v. *District Court, supra,* with which we are in agreement: "The only question which has been presented to the trial court is as to whether or not it has jurisdiction of the person of the defendant. Prohibition would not lie to prevent the court from determining that question, but its 'wrongly' deciding that question does not vest it with jurisdiction to proceed to try the case on its merits, and, if it appears from the record that the trial court is without jurisdiction over the person of the defendant and relator, prohibition will lie to prevent the court from further proceeding in the action."

The fourth defense is not supported by any authority. Against such defense are numerous cases which hold that prohibition is a proper remedy to prevent a trial court from proceeding against a party over whom it has no jurisdiction. *State* v. *District Court, supra; State* v. *Breidenbach,* 246 Wis. 513, 17 N.W. 2d 554; *Connecticut General Life Insurance Co.* v. *Speer,* 185 Ark. 615, 48 S.W. 2d 553; *Farmers Union Live Stock Commission* v. *District Court,* 93 Utah 181, 72 P. 2d 448. These cases necessarily imply that immunity from service in a cause in the trial court is not waived by appearance in a prohibition proceeding in the appellate court to challenge the trial court's exercise of jurisdiction predicated on invalid service.

Our answer to the fifth defense is that R.L.H. 1955, § 174-10, applies only to foreign corporations which are required to register with the State treasurer. The record in this proceeding does not show that petitioner was engaged in any activity which made it subject to registration.

We now come to the final defense, which raises the question as to whether the circuit court acquired jurisdiction over petitioner through the service made upon Kenneth M. Young, assistant treasurer of Oahu Railway and Land Company. It is contended that petitioner was doing business in Hawaii, that Oahu Railway and Land Company was petitioner's agent to receive service of process, and that consequently service upon Oahu Railway and Land Compny constituted sufficient service upon petitioner. *McGee* v. *International Life Insurance Company,* 355 U.S. 220; *Jenkins* v. *Lykes Bros. S. S. Co.,* 48 F. Supp. 848, and *Murphy* v. *Arrow Steamship Co.,* 124 F. Supp. 199, are cited in support of the contention.

In *McGee* v. *International Life Insurance Company,* the Supreme Court of the United States held that a California court acquired jurisdiction, consonant with the constitutional requirement of due process, over a Texas

corporation which was served by registered mail pursuant to a statute specially applicable to foreign insurance companies. In that case, the defendant had issued a reinsurance policy to a California resident, had accepted premium payments by mail, but refused to pay the death benefit on the ground that the insured committed suicide. The defendant did not have an office or an agent in California, and had not solicited or done any insurance business in the State apart from the issuance of the policy involved in the case. The court stated: "The contract was delivered in California, the premiums were mailed from there and the insured was a resident of the State when he died. It cannot be denied that California has a manifest interest in providing effective means of redress for its residents when their insurers refuse to pay claims. These residents would be at a severe disadvantage if they were forced to follow the insurance company to a distant State in order to hold it legally accountable. * * * Of course there may be inconvenience to the insurer if it is held amenable to suit in California where it had this contract but certainly nothing which amounts to a denial of due process."

*Jenkins* v. *Lykes Bros. S.S. Co.* involved a motion to vacate service in a tort action brought in the United States District Court for the Eastern District of Pennsylvania against a Louisiana corporation which neither maintained an office nor had any employees in Pennsylvania. The summons and the complaint were served upon Charles Kurz & Company, a ship brokerage firm in Philadelphia which handled defendant's ships on a ship to ship basis whenever they called at Philadelphia. The court held that, qualitatively speaking, the defendant did business in Pennsylvania when it transported cargo to and from Philadelphia, even though it did not maintain an office in the State; that, quantitatively speaking, the fact that defendant's ships had been calling at Philadelphia for a period

of more than ten years and that during a recent two-year period thirty-five of them had done so was sufficient to constitute doing business in Pennsylvania as distinguished from mere occasional and sporadic activities; and that service through Charles Kurz & Company was sufficient service upon the defendant. On the last point, the court stated: "If Lykes maintained its own employees in Philadelphia to perform the services rendered to it by Kurz in its business operations here, Lykes would, in my opinion, be subject to process served upon such employees. That it engaged Kurz to render the services for which it would otherwise have maintained employees in Philadelphia does not appear to change the factual situation with respect to the likelihood of its receiving prompt and proper notice of the action or in any other material respect sufficient to warrant a change in legal consequences." Thus, the motion was denied.

In *Murphy* v. *Arrow Steamship Co.,* a motion to set aside service of process was denied in a case where the evidence showed that defendant's ships had stopped at Philadelphia or vicinity on seven occasions in a period of four years and the firm upon which service was made had acted as defendant's husbanding agent on each occasion that defendant's ship was in the district.

That the holding in *McGee* v. *International Life Insurance Company* does not have general applicability but is limited to defendants which carry on activities subject to a special scheme of state regulation is indicated in *Hanson* v. *Denckla,* 357 U.S. 235, where the court stated that "there the State had enacted special legislation (Unauthorized Insurers Process Act) to exercise * * * its 'manifest interest' in providing effective redress for citizens who had been injured by nonresidents engaged in an activity that the State treats as exceptional and subjects to special regulation." It was also stated in *Hanson* v. *Denckla* as fol-

258

lows: "In *McGee* the Court noted the trend of expanding personal jurisdiction over nonresidents. As technological progress has increased the flow of commerce between States, the need for jurisdiction over nonresidents has undergone a similar increase. At the same time, progress in communications and transportation has made the defense of a suit in a foreign tribunal less burdensome. In response to these changes, the requirements for personal jurisdiction over nonresidents have evolved from the rigid rule of *Pennoyer* v. *Neff*, 95 U.S. 714, to the flexible standard of *International Shoe Co.* v. *Washington*, 326 U.S. 310. But it is a mistake to assume that this trend heralds the eventual demise of all restrictions on the personal jurisdiction of state courts. See *Vanderbilt* v. *Vanderbilt*, 354 U.S. 416, 418. Those restrictions are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations in the power of the respective States. However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the 'minimal contacts' with that State that are prerequisite to its exercise of power over him. See *International Shoe Co.* v. *Washington*, 326 U.S. 310, 319."

In *Novitski* v. *Lykes Steamship Co.*, 90 F. Supp. 971, the same steamship company which was the defendant in *Jenkins* v. *Lykes Bros. S. S. Co.* was again sued in the United States District Court of the Eastern District of Pennsylvania and was again served through Charles Kurz & Company. But this time the evidence was that only five vessels with which the defendant had any connection had called at Philadelphia in the preceding three years and that at the time of service Charles Kurz & Company was not acting as defendant's agent. Upon the evidence, the court, acting through the same judge who decided *Jenkins* v. *Lykes Bros. S. S. Co.*, held that the defendant was not

doing business in Pennsylvania, that the service through the ship brokerage firm was not proper service upon the defendant, and granted defendant's motion to vacate the service of the summons and complaint.

*Murphy* v. *Arrow Steamship Co.* was decided after *Novitski* v. *Lykes Steamship Co.*, but makes no reference to any authority. It appears to be an isolated case. The following cases are in accord with *Novitski* v. *Lykes Steamship Co.* in holding that jurisdiction over a foreign steamship company may not be acquired by service upon a local firm which renders husbanding service to its ships, on a ship to ship basis, on their infrequent and sporadic visits: *George H. McFadden & Bros.* v. *The M/S Sunoak,* 167 F. Supp. 132; *Andrade* v. *American Mail Lines,* 71 F. Supp. 201; *Holliday* v. *Pacific Atlantic S. S. Corporation,* 354 Pa. 271, 47 A. 2d 254.

According to the record in this proceeding, even the attenuated requirement of *Murphy* v. *Arrow Steamship Co.* had not been met in Civil No. 5366. There was no showing regarding the frequency of calls made by petitioner's vessels at Hawaiian ports. The evidence was that Oahu Railway and Land Company "occasionally" represented petitioner here and that it did not render any service to petitioner's vessel on the particular occasion mentioned in the complaint.

It is contended, without citation of any authority, that petitioner had the burden of sustaining by competent evidence its position that the circuit court lacked jurisdiction over it because of defective service. The law is otherwise. The evidence adduced by petitioner was at least sufficient to put the question of personal jurisdiction in issue. Thereafter the burden of establishing the jurisdiction shifted to plaintiffs. *Holtkamp* v. *States Marine Corp.,* 165 Cal. App. 2d 131, 331 P. 2d 679; *Jermaine* v.

*Graf,* 225 Iowa 1063, 283 N.W. 428. Plaintiffs did nothing to sustain their burden.

Writ will be made absolute against proceeding further against petitioner on the basis of the service attempted to be effected by delivering a certified copy of the summons and of the complaint to Kenneth M. Young, assistant treasurer of Oahu Railway and Land Company.

*Roy A. Vitousek, Jr.* ( *Pratt & Tavares* ) for petitioner.

*James A. King* (*Bouslog & Symonds*) for respondents.