George v. Bode, 170 Wis. 411.

GEORGE and others, Respondents, vs. BODE and others, Appellants.

*November 5, 1919—January 13, 1920.*

*Adverse examination: Nonresident party not served with notice and subpœna: Place of examination.*

1. Under sec. 4096, Stats., as existing March 31, 1919, the trial court had no power to order an adverse examination of a nonresident party to take place within the state when he could not be personally served with notice and subpœna.
2. The amendment of sec. 4096, Stats. 1917, by ch. 239, Laws 1919, relative to the power of the court to fix the time and place of examination, contemplates that it should be left in the discretion of the trial court to say whether a nonresident be examined in this state or at his domicile.

OWEN, J., dissents.

George v. Bode, 170 Wis. 411.

APPEAL from an order of the circuit court for Waukesha county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

The plaintiffs and respondents are residents of Mississippi, the defendants and appellants of Wisconsin. After the service of the complaint the appellants filed an affidavit for the purpose of procuring an adverse examination of the respondents under sec. 4096, Stats., in order to enable them to plead to the complaint, and moved that the circuit judge fix a time and place within this state for such examination and require the plaintiffs to attend at such time and place and submit to such examination. The circuit judge held that, while the defendants were entitled to examine the plaintiffs under sec. 4096, the court had no power under the statute to compel them to appear in Wisconsin and submit to such examination, and for that reason alone denied the motion. The defendants appealed.

The cause was submitted for the appellants on the brief of *Adolph Kanneberg* of Milwaukee, attorney for *Alfred von Cotzhausen* and *Progress Blue Ribbon Farms,* and *D. S. Tullar* of Waukesha, attorney for *Friedericke Bode,* and for the respondents on that of *Bloodgood, Kemper & Bloodgood,* attorneys, and *Emmet Horan, Jr.,* of counsel, all of Milwaukee.

WINSLOW, C. J.    Conceding for the purposes of the case that a nonresident may legally be required by statute to appear within this state and submit to an examination under sec. 4096, Stats., as a condition of maintaining his action, the question presented is whether, at the time the order in question was made, namely, March 31, 1919, the statute so provided.

At that time sec. 4096 contained two provisions bearing on the subject. Sub. 3 of that section provided that

"The attendance of the party to be examined . . . may be compelled upon subpœna and the payment or tender of his fees as a witness. *If the party . . . is a nonresident of this*

*state, the court may upon motion fix the time and place of such examination.   He shall attend at such time and place and submit to the examination."*

Sub: 6 provides that

"Such examinations shall not be compelled in any other county than that in which the party to be examined resides, *except as hereinbefore provided;* provided, however, that whenever plaintiff or defendant is a nonresident of this state his deposition may be had under the provisions of this section in any county in the state, if he can be personally served with notice and subpœna."

The italicised clauses were added to the section by ch. 84, Laws 1909, and the argument is that they show that the legislature intended thereby to empower the court to fix the time and place of a nonresident's examination within the state.   Otherwise, it is said, the clause in sub. 6, "except as hereinbefore provided," has nothing to refer to.   The argument is not without its weight, but on the other hand the special provision still appears, to the effect that the deposition of a nonresident may be taken in any county of the state *if* he can be personally served with notice and subpœna.

This seems to us very persuasive.   It is almost, if not quite, the *expressio unius* which excludes anything else. The examination may be taken in this state *if* he can be personally served with notice and subpœna; the inevitable inference is that it is only if he can be so served that he can be so examined.   If the provisions of sub. 3 meant that the court might fix a time and place for his examination within this state regardless of the personal service of notice and subpœna, then the provisions of sub. 6 regarding nonresidents would be wholly unnecessary.

These considerations move us to construe the statute as not empowering the court to order the examination of a nonresident to take place within this state when he cannot be personally served with notice and subpœna.

Attention is called to the fact that the legislature of 1919, by ch. 239, amended sub. 3 above quoted by adding the words "either within or without the state" to the clause authorizing the court to fix the time and place of examination. This makes it clear that the legislative idea now is to leave it in the discretion of the trial judge to say whether a nonresident be examined in this state or at his domicile.

There may be important and serious questions raised and argued when an order is made under this statute compelling a party in a distant state to appear in Wisconsin for examination under sec. 4096. We shall not anticipate those questions now.

. By the Court.—Order affirmed.

Owen, J. (dissenting). I cannot concur in the construction which the court places upon the amendment of sec. 4096, embodied in ch. 84, Laws 1909. That amendment was prepared and introduced in the legislature by the Senate judiciary committee of which I was a member. I know that the members of that committee supposed that the amendment clearly conferred power upon the circuit court to require the attendance of a nonresident party within the state for the purpose of submitting to an examination under sec. 4096. Upon a careful analysis of the amendment, I am still of the opinion that such is its reasonable interpretation. The legislature of 1919 further amended the section by adding the words "either within or without the state" to the clause authorizing the court to fix the time and place of examination. I regard this as a conscientious and painstaking effort on the part of the legislature to place its intent beyond the possibility of misunderstanding, rather than a declaration that the law as it then stood did not confer the right upon the circuit court to require a nonresident defendant to attend at a place within the state. I therefore dissent.