KENTUCKY FINANCE CORPORATION, Appellant, vs. PARAMOUNT AUTO EXCHANGE CORPORATION, imp., Respondent.

*May 4—June 1, 1920.*

*Adverse examination: Constitutional law: Validity of statute requiring nonresidents to submit to examination: Place of examination: Notice and subpœna: Foreign corporations: Control by court.*

1. The first ten amendments to the United States constitution do not apply to the state governments, but only to the federal government itself.

2. Sub. 7, sec. 4096, Stats., permitting the adverse ·examination of an officer of a foreign corporation bringing an action in this state, and sub. 2, sec. 4097, permitting the dismissal of the action for refusal to be examined and to produce papers, do not violate the due process and equal protection of the· law clauses of the Fourteenth amendment to the United States constitution.·

3. An officer of a foreign corporation required by order of court to be adversely examined and to produce papers under sub. 7, sec. 4096, cannot complain that his examination is being fixed at a place within some other county than that of his residence, he having no residence in the state, nor that he has not been served with subpœna within some county of the state, sub. 6 of such section being cumulative merely and not intended to be the exclusive remedy for any examination of a nonresident.

4. Where a nonresident corporation comes voluntarily into this state to seek the remedies afforded by its courts as plaintiff against a defendant resident, it must submit to reasonable orders within the proper exercise of judicial discretion requiring it to produce documentary evidence or its officers to submit to oral examination within the jurisdiction of the court; and in the absence of a showing that such orders are made without notice to the plaintiff and an opportunity on its part to be heard, or that they are arbitrary or oppressive and require the plaintiff to do that which is beyond its power or ability to do, they will be upheld.

APPEAL from orders of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

Plaintiff is a corporation organized under the laws of and existing and doing business in the state of Kentucky. Defendant corporation is of Wisconsin.

Plaintiff instituted in the circuit court for Milwaukee county a replevin action based upon allegations to the effect that it was the owner of and lawfully entitled to a certain automobile. That about July 1, 1918, at the city of Louisville, Kentucky, the defendant C. H. Allen wrongfully took the said automobile from plaintiff's possession and unlawfully and fraudulently absconded with the same and brought it to the city of Milwaukee; that a few days thereafter the defendant Allen unlawfully and fraudulently delivered the

automobile to the defendant corporation, which still holds the same.

The defendant Allen is in default. The defendant corporation appearing in said action, within due time moved the court for an order requiring one Boswell, at the time of the alleged conversion of the automobile and at the time of the motion secretary of the plaintiff corporation, to submit to an adverse examination and to produce papers, books, records, and matters in his possession as such secretary or under his control pertaining to the matters relevant to the controversy, and pursuant to sub. 7, sec. 4096, Stats. Notice of the application for such order was duly served upon plaintiff's attorneys and the matter heard before said court, at which time the plaintiff appeared in open court through its attorneys, and for itself and for its said secretary, Boswell, consented to an examination of said Boswell pursuant to the terms and provisions of the said statute, but at the city of Louisville, Kentucky, the residence of said corporation and of said Boswell, before any officer at any time which might be designated by the court.

An order was then made fixing a time and place within the city of Milwaukee for the examination of said Boswell as said secretary and requiring his attendance to submit to such examination and to have with him all papers, books, records, etc., in his possession or under his control as such secretary relevant to the controversy. The order further required that the defendant should, five days before the time set for the hearing, pay to plaintiff's attorneys Boswell's fare from the southern state line of Wisconsin to Milwaukee and return and the sum of $1.50 as witness fees.

At the time fixed for such examination said Boswell failed to appear and no appearance was made at said time by the plaintiff, its attorneys having theretofore notified defendant's attorneys that Mr. Boswell would not appear at such hearing in Milwaukee.

Thereupon, upon further showing to the circuit court by

report from the court commissioner, an application was duly made to the circuit court by defendant for an order striking out the plaintiff's complaint and dismissing the cause of action with costs. On the hearing of such application appearance was made on behalf of both parties and an order entered striking plaintiff's complaint from the files and dismissing plaintiff's cause of action, with costs. From both of such orders plaintiff has appealed.

For the appellant there were briefs by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Albert K. Stebbins,* of counsel, all of Milwaukee, and oral argument by *Mr. Stebbins.*

For the respondent there was a brief by *Doerfler, Bender & McIntyre* of Milwaukee, and oral argument by *Christian Doerfler.*

ESCHWEILER, J. Defendant justifies the order requiring plaintiff's secretary, a resident of Louisville in the state of Kentucky, under the laws of which state the plaintiff corporation was organized and doing business, to appear for examination at Milwaukee and to produce plaintiff's books and papers, as being a proper exercise of the power vested in the trial court under the provisions of sub. 7, sec. 4096, Stats., which reads as follows:

"In case a foreign corporation is a party, the examination of its president, secretary, other principal officer, assignor or agent or employee, or the person who was such, or either of them, at the time of the occurrence of the facts made the subject of the examination, may be had under the provisions of this section in any county of this state. The court may also, upon motion and such terms as may be just, fix a time and place in this state for such examination of any of said persons. Such persons so sought to be examined as aforesaid shall attend at such time and place and submit to the examination, and then and there have with him all papers, books, files, records, things, and matters in the possession of such person by reason of his relation to such corporation, relevant to the controversy. Such person sought to be examined as aforesaid shall attend at such time and place and

submit to the examination, and, if required, attend for the purpose of reading and signing such deposition, without service of subpœna."

The second order appealed from, which struck out plaintiff's complaint and dismissed his action for default in compliance with the preceding order, is claimed to be justified under the provisions of sub. 2, sec. 4097, Stats., which reads as follows:

"2. If any officer, agent, or employee, or any person who was such officer, agent, or employee of a foreign corporation, at the time of the occurrence of the facts made the subject of the examination, be lawfully required to appear and testify, as provided in this chapter, either within or without the state, shall neglect or refuse so to do; or, if such person, when lawfully required, shall refuse and neglect to have with him any papers, books, files, records, things, and matters in the possession of such party relevant to the controversy, such party may be punished as for a contempt and in the discretion of the court, the pleading of such foreign corporation stricken out, and judgment given against it as upon default or failure of proof."

Plaintiff contends, first, that the said orders constituted an abuse of judicial discretion; and secondly, that each of the statutes above quoted is unconstitutional in that they violate the Fifth and Fourteenth amendments to the United States constitution.

The first objection is not insisted upon in this court, the parties being desirous of having a determination upon the second point.

The plaintiff cannot rely upon a claim that any such right as here asserted is secured to it under the Fifth amendment to the United States constitution. The first ten amendments to the United States constitution do not apply to state governments but only to the federal government itself. *Minnesota & St. L. R. Co. v. Bombolis,* 241 U. S. 211, 217, 36 Sup. Ct. 595.

The clause in the Fourteenth amendment to the federal constitution invoked by appellant on this appeal, reads, so far as material here, as follows:

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Appellant's contention is mainly directed to one proposition, and that is to the effect that there is no constitutional power within the circuit court to strike out plaintiff's complaint and dismiss its action for a default on its part to comply or cause a compliance with an order which directs a nonresident individual, as officer of a nonresident corporation, to appear and submit to an examination and bring its records and papers within the jurisdiction of the state wherein such foreign corporation has commenced an action in such state court against a resident of such state. That to strike out the complaint and dismiss the action is in effect to deny such nonresident corporation the right to prosecute such action, and in effect denies it equal protection under the law and denies it equality to so litigate on the same footing as may Wisconsin residents, and therefore denies plaintiff the equality guaranteed to it by the federal constitution.

Statutory provisions have long been established in this state, and this court has upheld them, granting power to the circuit court by the striking out of pleadings and directing the entry of an appropriate judgment thereafter for defaults by such party in complying with some statutory duty or some order of such court. Under sub. 1 of the same sec. 4097, Stats., here involved, authority is given to strike out the pleading of a party individual, either within or without the state, for a refusal to appear and testify. That such power might be properly exercised in the court's discretion does not seem to have been questioned or doubted in what was

said by this court in *Eastern R. Co. v. Tuteur,* 127 Wis. 382, 410, 105 N. W. 1067. Sec. 3072, Stats., provides for a dismissal of an action where proper proceedings are not taken within the time limited after the determination of an appeal to this court. *State ex rel. Mitchell v. Johnson,* 105 Wis. 90, 80 N. W. 1104. Sec. 2811a provides for the dismissal of pending actions in which there has been delay in bringing the cause to trial. *Pereles v. Christensen,* 164 Wis. 163, 159 N. W. 817. Sec. 4064 authorizes the striking out of the pleading of a party who fails to attend as a witness when duly subpœnaed; and sec. 2664 permits such striking out for failure to file the same within a specified time, the validity of which was apparently unquestioned in *Evans v. Rector,* 107 Wis. 286, 289, 83 N. W. 292.

The provision here enforced is certainly no more drastic than in the above instances or than when the same result is arrived at, so repeatedly upheld by this court, in denying to a nonresident corporation which has failed to comply with the provisions of sec. 1770b the right to even cross the threshold of our courts in attempting to enforce, as against a resident here, a contract made within this state.

Similar remedies have been enforced in other jurisdictions. *Gross v. Clark,* 87 N. Y. 272, 273; *Larimore v. Bobb,* 114 Mo. 446, 21 S. W. 922; *French v. Central C. Co.* 76 Ohio St. 509, 81 N. E. 751; *Conrad Schopp F. Co. v. Bondurant,* 134 Ky. 568, 121 S. W. 482.

The remedy here invoked must therefore be considered as a well recognized and established method of legal procedure in the courts of this state, binding on all litigants subject to the jurisdiction of such courts and whether residing within or without the state, unless and except as to some litigants it is within the prohibition of the Fourteenth amendment to the United States constitution, *supra.*

So far as this case involves a claim by appellant of a violation under the federal constitution, it is controlled against its contention by the decision of *Hammond P. Co.*

*v. Arkansas,* 212 U. S. 322, 29 Sup. Ct. 370, affirming 81
Ark. 519, 100 S. W. 407.   In that case a state statute re-
quiring foreign corporations to produce books and papers
for examination within the state in an action brought
against such corporation was held not a violation of the
due process of law guaranteed under the Fourteenth
amendment.   In that case the order of the state court strik-
ing out an answer interposed by a defendant who had re-
fused to so produce within the jurisdiction of that court
matters of evidence deemed material, was justified and up-
held on the ground that it was in effect based upon the in-
herent right of a law-making authority to create a presump-
tion of lack of merit in an asserted defense against a de-
fendant who fails to produce evidence when legally called
upon to so do.   Page 353.   The same case discusses the
case relied upon by appellant here, of *Hovey v. Elliott,* 167
U. S. 409, 17 Sup. Ct. 841, and thereby renders it unneces-
sary to make further reference to or discussion of the latter
case.   *Hovey v. Elliott* is also discussed in the case of
*Roller v. Murray,* 234 U. S. 738, 746, 34 Sup. Ct. 902, in a
manner clearly indicating that it is not applicable to the
situation presented here, the plaintiff having had a full
opportunity to be heard on the precise question involved, the
right denied him in the *Hovey Case.*

Under sub. 6 of the same sec. 4096, Stats., here involved,
the examination of a resident of the state shall not be com-
pelled in any other county than that in which such party
resides, and further provides that in case the plaintiff or
defendant is a nonresident his deposition may be had in any
county in this state in which he can be personally served
with notice and subpœna.   This provision in no wise avails
the plaintiff as such nonresident corporation or its nonresi-
dent secretary, Boswell.   As to the latter, he cannot well
complain that his examination is being fixed at a place within
some other county than that of his residence within the state,
he having none such.   Neither can he properly complain

on the ground that he has not been served with subpœna within some county of the state, because, plainly, such provision is cumulative merely and not intended to be the exclusive remedy for any such examination of a nonresident.

We hold, therefore, that where, as here, a nonresident corporation comes voluntarily into this state to seek the remedies afforded by the courts of this state as plaintiff against a defendant resident here, such plaintiff must submit to reasonable orders, within the proper exercise of judicial discretion, requiring it to produce documentary evidence or to require its officers to submit to oral examination within the jurisdiction of such court. And in the absence of a showing, as is the case here, that such orders are made without notice to such plaintiff and an opportunity on its part to be heard, are arbitrary or oppressive, or require the plaintiff to do that which is beyond its power or ability to do, such orders will be enforced and upheld.

*By the Court.*—Orders affirmed.