[Civ. No. 10131.  First Appellate District, Division Two.—March 20, 1936.]

TRANSBAY CONSTRUCTION COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Heller, Ehrman, White & McAuliffe for Petitioner.

Fitz-Gerald Ames for Respondents.

SPENCE, J.—Petitioner seeks the annulment of an order of the respondent court permitting the inspection of certain documents and records in its possession.

This proceeding is closely related to proceeding number 10130 entitled *Transbay Construction Co.* v. *Superior Court,* (*ante,* p. 565 [55 Pac. (2d) 1237]), the opinion in which last-named proceeding has been this day filed.  The order

under attack here was made, however, in a second action involving the same parties entitled *Kent* v. *Transbay Construction Co.* and being numbered 262665 in the files of the respondent court. Said action was similar to the first action but involved the claims of other assignors. In the second action, the plaintiff made a similar motion for the inspection of similar documents and records in the possession of petitioner. The record shows that this motion was resisted by petitioner solely upon the ground that the trial court had no jurisdiction to make its order requiring petitioner to produce said documents and records at the City and County of San Francisco for the purpose of said inspection.

Petitioner raises the same point in this proceeding. All that was said regarding this point in the opinion in proceeding number 10130 is applicable here and we need not further discuss it.

■ Petitioner further contends that the order under attack is so broad in its terms as "to permit a general ransacking of the books" in violation of the guarantees of article I, section 19 of the Constitution of this state. We find no merit in this contention. The order specifically designates the documents and records to which it refers and it appears from the record that counsel conceded on the hearing that said documents and records contained material evidence relative to the allegations of the complaint in said action and that an inspection thereof was necessary in order that plaintiff might properly prepare his case for trial.

The order is affirmed.

Sturtevant, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 18, 1936.