[Civ. No. 10130. First Appellate District, Division Two.—March 20, 1936.]

TRANSBAY CONSTRUCTION COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

566

Heller, Ehrman, White & McAuliffe for Petitioner.

Fitz-Gerald Ames for Respondents.

SPENCE, J.—Petitioner seeks the annulment of an order of the respondent court adjudging petitioner in contempt for failure to comply with an order of said court permitting the inspection of certain documents and records.

Said orders were made in an action entitled *Kent* v. *Transbay Construction Co.*, being action number 260969 in the files of the respondent court. In said action plaintiff sued to recover wages alleged to have become due from defendant to plaintiff's assignors while working for defendant in the City and County of San Francisco on the substructure of the Bay Bridge. On September 17, 1935, and after notice duly served upon defendant, the respondent court made its order granting plaintiff's motion for such inspection and ordered defendant to permit such inspection in the City and County of San Francisco within thirty days. Defendant failed to comply with said order and an order to show cause was issued. Defendant appeared in response to said order to show cause and urged that the order for inspection was in excess of the jurisdiction of the court in that it ordered defendant to permit such inspection in the City and County of San Francisco while the documents and records referred to in said order were then kept at Hetch Hetchy, where defendant was engaged in work upon the O'Shaughnessy dam. The respondent court took the position that the order for inspection was not in excess of its jurisdiction and therefore made an order on January 20, 1936, adjudging defendant in contempt of court. Said order recites the willingness of defendant to permit said inspection at Hetch Hetchy but further recites defendant's failure and refusal to permit said inspection in the City and County of San Francisco as ordered by the court. A fine of $500 was imposed upon defendant but a stay of fifteen days was given and it was provided that the trial court would entertain a motion to set aside the order of contempt in the event that defendant complied with the previous order within that time. Defendant then filed its petition in this court seeking a writ of review.

In this proceeding petitioner's main contention is that the original order of September 17, 1925, was in excess of the jurisdiction of the respondent court as it indirectly required the transportation by petitioner of certain documents and records from the place where they were kept in one part

of the state to another part of the state for the purpose of said inspection. In our opinion this contention may not be sustained. In this proceeding we are concerned solely with the question of whether the respondent court exceeded its jurisdiction (4 Cal. Jur. 1022, sec. 4). Petitioner has cited us to no authority to sustain its claim that the trial court exceeded its jurisdiction and we know of none. In fact there are numerous authorities upholding the right of state courts to require the production of documents and records in one state, even though the documents and records are kept at the principal place of business of the party in another state. (*Hammond Packing Co.* v. *State of Arkansas*, 212 U. S. 322 [29 Sup. Ct. 370, 53 L. Ed. 530, 15 Ann. Cas. 645] ; *Kentucky Finance Corp.* v. *Paramount Auto Exchange Corp.*, 171 Wis. 586 [178 N. W. 9] ; *Martin* v. *D. B. Martin Co.*, 10 Del. Ch. 211 [88 Atl. 612, 102 Atl. 373] ; *State* v. *Jessup & Moore Paper Co.*, 1 Boyce (24 Del.), 379 [77 Atl. 16, 30 L. R. A. (N. S.) 290].) We therefore believe that there can be no question of the jurisdiction of the respondent court to require the production of the documents and records at the City and County of San Francisco even though said documents and records were then kept at some other place within the state.

Petitioner cites and relies upon *Richards* v. *Bunte*, 33 Ohio C. C. 37, but that case is not in point in this proceeding. It may be distinguished upon several grounds but the main ground of distinction is that said decision was rendered upon an appeal from a judgment of dismissal following refusal to comply with the trial court's order. The court there passed upon the question of alleged error in the exercise of jurisdiction rather than upon the question of alleged excess of jurisdiction.

But even if it be assumed that error such as abuse of discretion by the trial court might properly be reviewed in this proceeding, we are still of the opinion that there is no showing of an abuse of its discretion in the present case. Petitioner, a Delaware corporation, had designated San Francisco as its principal place of business in California and had appointed a resident agent in said city. San Francisco was the place where petitioner previously maintained an office in which it kept the documents and records in question, the place where the alleged work was performed by the assignors of plaintiff in the above-mentioned action, the place of trial

of said action and the place where counsel for all the parties maintained their offices. It would therefore seem that San Francisco was a reasonable place for such inspection and we find no abuse of discretion or other error on the part of the trial court in ordering petitioner to permit the inspection of said documents and records at San Francisco. █ While ordinarily an inspection under section 1000 of the Code of Civil Procedure should be made at the place where the documents or records are being kept by the party in possession thereof, there is nothing in said section which purports to deprive the trial court of its inherent power to make all reasonable orders regarding such inspection including an order fixing the place where the inspection shall be made.

█ Petitioner also contends that it was not in contempt as the order permitting the inspection had never been served upon it. It will be noted that petitioner does not claim that it did not have actual notice of the order and the record shows that both petitioner and counsel had such notice. The record further discloses that in resisting the order to show cause, petitioner raised no point regarding the alleged lack of personal service but raised only the question of the jurisdiction of the trial court to make the previous order fixing the place of inspection at San Francisco. Under these circumstances, we are of the opinion that petitioner may not attack the order adjudging it guilty of contempt upon the ground that no service of the original order had been made upon it. (*Shibley* v. *Superior Court,* 202 Cal. 738 [262 Pac. 332]; *Foley* v. *Foley,* 120 Cal. 33 [52 Pac. 122, 65 Am. St. Rep. 147]; *Golden Gate etc. M. Co.* v. *Superior Court,* 65 Cal. 187 [3 Pac. 628]; 5 Cal. Jur. 915, sec. 21.)

The order is affirmed.

Sturtevant, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 18, 1936.