STATE EX REL. WALLING, Petitioner, vs. SULLIVAN, Circuit Judge, Respondent.

*February 18—March 14, 1944.*

The cause was submitted for the petitioner on the brief of *Whyte, Hirschboeck, Minahan & McKinnon* of Milwaukee, and for the respondent on the brief of *Leo W. Slensby,* attorney, and *Walter D. Corrigan, Sr.,* and *Thomas M. Corrigan* of counsel, all of Milwaukee.

ROSENBERRY, C. J.   On October 11, 1943, one George Feieraband as plaintiff commenced an action in the circuit court of Milwaukee county against the petitioner Arthur B. Walling.   The summons was in the usual form and was served upon the wife of the defendant at her usual place of abode. On October 29, 1943, Messrs. Whyte, Hirschboeck, Minahan & McKinnon served a notice of appearance on behalf of the defendant, the petitioner herein, demanding that a copy of the complaint and all other notices and papers be served upon them at their office in the city of Milwaukee.

On November 10, 1943, the attorneys for the plaintiff in said action served on the attorneys for the petitioner herein an order requiring the petitioner to show cause why he should not submit to an adverse examination under sec. 326.12, Stats.   On the return day of the order, November 12, 1943, the petitioner's attorneys appeared specially objecting to the exercise of jurisdiction of the court over the person of defendant (petitioner) for examination without personal service of subpœna or order upon him in the state of Wisconsin.

The respondent circuit judge, before whom said matter was heard, subsequently made and filed his decision to the effect that the plaintiff had failed to comply with conditions precedent to an examination under sec. 326.12 (3), Stats., in that he had failed to serve a notice of such examination and affidavit in accordance with said statute.   On December 1, 1943, the attorney for plaintiff in said action caused to be served on petitioner's attorneys a notice of examination of petitioner before Hon. George J. Graebner, court commis-

sioner in and for Milwaukee county, in his office in the city of Milwaukee on December 6, 1943, together with an affidavit to the effect that the examination was necessary in order to enable the plaintiff to prepare a complaint and stating the points upon which discovery was desired. On December 3, 1943, the petitioner's attorneys moved to dismiss the plaintiff's complaint because no copy of the complaint had been served within the twenty days in accordance with the demand thereof as provided by sec. 262.05. On December 3, 1943, the attorney for the plaintiff served upon petitioner's attorney an order requiring petitioner to show cause why he should not submit to such discovery examination at a suitable time and place to be determined by the court, and why the time of service and filing of complaint should not be extended until the plaintiff had had an opportunity to examine the petitioner adversely.

The orders to show cause were heard together on December 10, 1943, before the respondent. Petitioner's attorneys appeared in support of the application for dismissal of the action and also appeared specially on the order to show cause why petitioner should not submit to an adverse examination.

On January 4, 1944, the respondent made an order which provided, among other things, that an examination of the petitioner was necessary to enable George Feieraband, the plaintiff in the action, to frame a complaint; that to require the defendant to appear before a notary public in the city of Chicago, Cook county, Illinois, the present residence of the defendant, upon ten days' notice and on payment of witness fees and travel, without service of a subpœna, are just terms upon which the defendant is required to submit to an examination under sec. 326.12, Stats. It was ordered that the defendant appear before Kathryn G. Lanahan, a notary public in and for Cook county, Illinois, at her office in the city of Chicago, on January 22, 1944, at 10 o'clock a. m., and there to submit to an examination under the provisions of sec. 326.12. It was

further ordered that the defendant have with him at the time and place above specified all correspondence in his possession between him and the Wisconsin Bridge & Iron Works of Milwaukee, relating to the employment and compensation of the plaintiff; all books and records in his possession showing commissions and compensation received by him from the Wisconsin Bridge & Iron Works during the years 1936 to 1942, inclusive; all canceled checks showing the moneys paid to the plaintiff by the defendant during the years 1936 to 1942, inclusive, in keeping with any agreement between the plaintiff and the defendant or between the defendant and the Wisconsin Bridge & Iron Works; copies of income tax returns for the years 1936 to 1942, inclusive; and it was ordered that a copy of the order be served upon the attorneys for the petitioner at least five days before the time set for the examination and upon the defendant in Chicago, Illinois, at least ten days before the time set for the examination. The order further extended the time within which a complaint might be served for a period of ten days after notice of the filing of the deposition of the defendant with the clerk of the circuit court for Milwaukee county.

*Certiorari* was allowed, the writ served, in response to which the respondent moved to quash the writ.

It is contended by the petitioner here that the circuit court for Milwaukee county was without jurisdiction to require the defendant to attend for the purpose of examination under the discovery statute before a notary public outside of the state of Wisconsin; that the court was without power to extend the time for serving the complaint ten days beyond the time the deposition of the defendant should be filed with the clerk of the circuit court for Milwaukee county.

It appears that the defendant removed to the city of Evanston, in the state of Illinois, on October 19, 1943, eight days after the summons was served upon his wife.

It further appears that the attorneys for the defendant served a notice of appearance upon the attorney for the plain-

tiff. A general appearance waives all objections to any defects in the form or service of process. *State ex rel. Haeselich v. Schweitzer* (1907), 131 Wis. 138, 111 N. W. 219. The subsequent removal of the petitioner from the state did not operate in any way to impair the jurisdiction of the circuit court for Milwaukee county.

So far as this proceeding is concerned, it is admitted that the petitioner is now a resident of the state of Illinois. The question for decision is, Did the circuit court for Milwaukee county have jurisdiction to enter an order requiring the nonresident petitioner to appear before a notary public in the county of his residence and submit to an adverse examination as provided by sec. 326.12, Stats.?

It is a well-established principle of law that the jurisdiction of a court does not extend beyond the boundaries of the state of its creation. While a Wisconsin court may in cases where it has jurisdiction of a party require a party to do things which may operate upon a subject matter without the boundaries of the state, it accomplishes this by an order or judgment directed to a person within its jurisdiction. *Bailey v. Tully* (1943), 242 Wis. 226, 7 N. W. (2d) 837.

If the order in question is a mere order *in personam* and does not partake of the nature of a process, it might be served upon a party without the state or upon his counsel. In order to reach a decision of the question presented it is necessary to determine the nature and function of the order. The proceeding authorized by sec. 326.12, Stats., is a substitute for a bill of discovery. It is a provisional remedy, that is, a mere proceeding within an action and not a special proceeding. *Milwaukee Corrugating Co. v. Flagge* (1920), 170 Wis. 492, 175 N. W. 777.

The applicable subsections of sec. 326.12, Stats., are as follows:

"326.12 (2) *Procedure same as for other depositions, exceptions.* Except as provided otherwise by this section, such

examination may be had within or without the state, and may be instituted and conducted under and pursuant to the laws and rules regulating the taking of other depositions for use in actions or proceedings.

"(3) *Time, place, notice; officers empowered to take.* Such examination, when taken within the state, shall be taken before a judge at chambers or a court commissioner on previous notice to all adverse parties or their respective attorneys of at least five days. If the person to be examined is a nonresident individual who is a party to the action or proceeding, . . . the court may upon just terms fix the time and place of such examination, either within or without the state, and such nonresident shall attend at such time and place and submit to the examination, and, if required, attend for the reading and signing of such deposition, without service of subpœnas. Such examination shall not be compelled in any county other than that in which the person examined resides, except when a different county shall be designated for the examination of a nonresident, and except that any nonresident subject to examination may be examined in any county of this state in which he is personally served with notice and subpœna. . . ."

As the section originally stood (sec. 4096, Stats. 1898), it was provided that—

"the attendance of the party to be examined may be compelled upon subpœna and subject to the same rules as that of any other witness."

As the statute stood prior to the amendment, it was held in *George v. Bode* (1920), 170 Wis. 411, 414, 175 N. W. 939, that the court had no power to order an adverse examination of a nonresident party to take place within the state when he could not be personally served with notice and subpœna. To meet that situation ch. 239, Laws of 1919, was enacted and it was expressly provided that—

"if the party to be examined is a nonresident of this state, the court may upon motion fix the time and place of such examination, either within or without the state. . . ."

While *George v. Bode, supra,* was not subject to the statute as amended, the court said:

"There may be important and serious questions raised and argued when an order is made under this statute compelling a party in a distant state to appear in Wisconsin for examination under sec. 4096. We shall not anticipate those questions now."

Such a case arose in *Kentucky F. Corp. v. Paramount A. E. Corp.* (1920) 171 Wis. 586, 178 N. W. 9. It was held in that case that an officer of a foreign corporation might be required to attend and submit to an adverse examination within the state of Wisconsin; that in default thereof the plaintiff's complaint might be stricken out and judgment given against it upon default. The case was taken to the supreme court of the United States (262 U. S. 544, 43 Sup. Ct. 636, 67 L. Ed. 1112) and the supreme court reversed the judgment and held that the statute as it was applied in the case was invalid and that the orders made under it were erroneous as denying the plaintiff equal protection under the laws, Justices BRANDEIS and HOLMES dissenting. The decision in *Kentucky F. Corp. v. Paramount A. E. Corp. Case, supra,* left open the question of whether the Wisconsin court had jurisdiction to order a nonresident defendant to attend and submit to an adverse examination in the state of his residence. That question is the one now before us.

Sec. 325.11 (5), Stats., provides:

"If any party to an action or proceeding shall unlawfully refuse or neglect to appear or testify or depose therein (either within or without the state), the court may, also, strike out his pleading, and give judgment against him as upon default or failure of proof."

Sec. 295.01 (3), Stats., provides for punishment by contempt for "disobedience to any lawful order, judgment or process of such court." The examination adversely of the

officers of a foreign corporation was introduced into the statutes by ch. 244, Laws of 1901, and provided that the deposition of such officer might be taken if he—

"can there be personally served with notice for taking such deposition and a subpœna to attend such examination."

The section was amended in 1911 by ch. 231, Laws of 1911. This amendment authorized the court to fix a time and place for such an examination. The last sentence provided:

"Such person sought to be examined as aforesaid shall attend at such time and place and submit to the examination, and, if required, attend for the purpose of reading and signing such deposition, without service of a subpœna."

By a revisor's bill, sec. 49, ch. 523, Laws of 1927, sec. 326.12, Stats., was made applicable to a nonresident individual who is a party to an action or proceeding. It is significant that all of the later revisions and amendments to the statute include the provision that a nonresident person or officer of nonresident corporation should be required to attend "without service of subpœna." The purpose of this was no doubt to substitute an order requiring an attendance before a court or commissioner in a foreign state for the subpœna. In this particular instance it is agreed that no subpœna could issue out of the courts of Illinois because the state of Illinois has no section comparable to sec. 326.24, Stats. 1943, which authorizes Wisconsin courts to require the attendance of witnesses in this state to give testimony by deposition provided the state from which the commission is issued has—

"provisions similar to this section, requiring persons within its borders to give their testimony by deposition in actions pending in Wisconsin."

Is the order in question here in substance a process issuing out of a Wisconsin court? There can be no doubt that it was

the legislative intention to put a nonresident upon whom such an order is served under a duty to appear at the time and place specified. While a failure to obey the order would not be punishable by contempt because the court would have no jurisdiction over the defendant for that purpose, he would if he were a party be subject to the section which provides that his refusal to appear and testify would enable the court to strike out his pleadings and give judgment against him as by default.

The word "process" is used in the law in two senses. Used in its broadest sense it comprehends all the acts of the court from the beginning of a proceeding to its end. In its narrower sense it is the means of compelling the defendant to appear in court after the suing out of the original writ in civil and after indictment in criminal cases. "Writ" and "process" are interchangeable terms. 42 Am. Jur. p. 5, sec. 2, and cases cited.

Under the law of this state a summons is not a process. *Porter v. Vandercook* (1860), 11 Wis. *70; *Zielica v. Worzalla* (1916), 162 Wis. 603, 156 N. W. 623. For a comprehensive definition of the term, see *People v. Nevins* (N. Y. 1841), 1 Hill, 154; *Watson v. Keystone Iron-Works Co.* (1904) 70 Kan. 43, 74 Pac. 269.

An order to show cause may under some circumstance constitute process. *Heyward v. Long* (1935), 178 S. C. 351, 183 S. E. 145, 114 A. L. R. 1130. All proceedings and actions in the exercise of original jurisdiction of this court are instituted by an order to show cause.

Without delving more deeply into the nature of process, it is quite apparent that the order made by the court now here under consideration did not amount to process. Adverse examination being a provisional remedy and a proceeding within the action, it need not be instituted by process. It therefore appears that the court had power in the exercise of the jurisdiction which it acquired by the service of the summons and the appearance of the defendant, to make the order in question. The order has no extraterritorial effect in the

proper sense of that term. While the statute provides that the order may be served upon defendant without the state, it operates merely as a notice to appear and submit to an examination at a certain time and place.

The petitioner further contends that the court has no power to extend the time for serving a complaint indefinitely and for that reason the order is invalid. The petitioner has it within his power to shorten the time by appearing for examination, hence he cannot complain.

The petitioner further argues that the order of the court operates as a threatened deprivation of petitioner's liberties and that the order made by the trial court should be annulled by this court in the exercise of its superintending control over inferior courts. Inasmuch as the order does not operate as a process beyond the territorial limits of the state we are unable to see how it in any respect affects the liberty of the petitioner. It may be that if the petitioner comes within the state of Wisconsin he may be required by service of an order within the state to submit to an examination but this would not deprive him of his liberty any more than a like order would deprive a resident of this state of his liberty.

*By the Court.*—Motion to quash the writ is granted.