STATE EX REL. MCKEE, Plaintiff, vs. BREIDENBACH, Circuit Judge, and another, Defendants.

*January 19—February 13, 1945.*

For the plaintiff there was a brief by *Michael Levin* and *Gold & McCann,* all of Milwaukee, and oral argument by *Mr. Levin* and *Mr. Ray T. McCann.*

For the defendants there was a brief by *Shaw, Muskat & Paulsen* of Milwaukee, and oral argument by *Martin R. Paulsen.*

FRITZ, J. Upon due consideration of matters stated in the petition of Mark T. McKee (hereinafter referred to as the "defendant") and affidavits and exhibits attached there, and also matters stated in the affidavits and attached exhibits filed by Evelyn McKee (hereinafter called the "plaintiff") leave was granted to commence this original action for a writ of prohibition. The purpose of the writ sought is to command Judge BREIDENBACH, as a judge of the circuit court for Milwaukee county, to refrain from taking any further proceedings to require defendant to submit to an adverse examination within this state under the orders made for that purpose on October 23 and 30, 1944, by the court in consolidated actions pending therein which were brought by the plaintiff against the defendant.

For the consideration of the issues involved herein, it suffices to note the following facts, as stated in the moving papers. Neither the plaintiff nor the defendant is a resident of Wisconsin. Plaintiff's actions were commenced by the service of a summons on defendant in Wisconsin, while he was temporarily in this state; but his legal residence was then and ever since in the state of Michigan. Pursuant to the summons defendant's attorneys entered an appearance and filed answers for him in the actions. He was not and had not been in Wisconsin for some months prior to the time plaintiff instituted the proceedings in said

actions by orders to show cause pursuant to which the court, Judge BREIDENBACH presiding, made the orders in October, 1944, by which the defendant was ordered to appear in person at a specified time and place before a court commissioner in Milwaukee county and to then and there submit to an adverse examination by plaintiff under sec. 326.12, Stats.; and the order provided also that upon such appearance before the court commissioner a witness fee of $2.50 shall be paid to defendant by plaintiff. None of those orders were served upon defendant personally in Wisconsin; but they were served on his attorneys. On the hearings before Judge BREIDENBACH, which finally resulted in the orders in question, defendant's attorneys objected to the court fixing the place of the adverse examination in Milwaukee, Wisconsin, but requested that the place be fixed in Chicago, Illinois, where defendant was frequently in connection with his business enterprises; and his attorneys offered to pay plaintiff's reasonable extra expenses for taking such examination in Chicago. That offer was rejected by plaintiff's attorneys, who conceded on their argument in court that it was proposed to serve orders or process on the defendant while he was attending the examination in Milwaukee, which could not be served on him in his place of residence or abode elsewhere. In relation to that offer Judge BREIDENBACH states in his return in this original action that he concluded that defendant desired to have the examination conducted in Chicago, Illinois, solely for the purpose of attempting to defeat the jurisdiction of the Milwaukee county circuit court in respect to its own power to adjudicate upon the care, custody, and control of the minor child of the parties.

Defendant's principal contentions are: (1) That the circuit court cannot legally and constitutionally by its order require a nonresident, who is not personally served in Wisconsin with the order, to appear and testify here on an adverse examination under sec. 326.12, Stats.; and (2) that if provisions

thereof are construed to authorize an order requiring a nonresident party,—without service thereof on him in Wisconsin, —to come and submit here to such an examination, and to also authorize the court to strike his pleading and enter judgment against him as by default if he fails to so come and testify, such statutory provisions and such orders made thereunder constitute a denial to such nonresident party of due process of law and of the equal protection of the laws in violation of amendm. XIV, U. S. Const., and are therefore unconstitutional and void.

The provisions in sec. 326.12, Stats. 1943, which plaintiff contends authorize the orders in question read as follows:

Sub. (1): "The adverse examination of a party, or any person for whose immediate benefit any civil action or proceeding is prosecuted or defended, . . . may be taken by deposition at the instance of any adverse party upon oral or written interrogatories in any civil action or proceeding at any time before final determination thereof."

Sub. (2): "Except as provided otherwise by this section, such examination may be had within or without the state."

Sub. (3): "*If* the *person to be examined is* a *nonresident* individual who is a party to the action or proceeding, . . . the *court may* upon just terms *fix* the time and *place* of such examination, *either within or without the state,* and such *nonresident shall attend* at *such* time and *place* and submit to the examination, and, if required, attend for the reading and signing of such deposition, without service of subpœnas."

On the other hand, in respect to the place where a resident of this state can be required to appear and testify on such an examination, there is applicable the provision in sub. (3) of sec. 326.12, Stats., that,—

Such examination *shall not be compelled in any county other than that in which the persons examined resides, except when* a *different county shall be designated for the examination of a nonresident,* and except that any *nonresident* subject to examination may be *examined in any county of this state* in which he is personally served with notice and subpœna."

In relation to those provisions, it must be noted that, in so far as it is contended by plaintiff that there is thereby authorized an order requiring a nonresident party to appear and submit in this state to an examination,—although, because he is not within this state, he cannot be personally served here with a subpœna or order requiring him to so appear,—there are applicable the rules (1) that—

"Our statutes on this subject of the acquirement of jurisdiction over nonresidents ·must be read in the light of the interstate limitations resting upon us by reason of the frame of government of the nation of which our state is a part. *Pennoyer v. Neff,* 95 U. S. 714, is perhaps the leading case on this subject, and there the rule above stated is announced, and has never since been questioned." *Moyer v. Koontz,* 103 Wis. 22, 24, 79 N. W. 50;

and (2) that, as a state court has no extraterritorial jurisdiction, there is no process available to compel a nonresident to come within this state to testify.

As we said in *State ex rel. Ledin v. Davison,* 216 Wis. 216, 220, 221, 256 N. W. 718,—

"It is established that the tribunals of one state have no jurisdiction over the persons of other states unless found within their territorial limits, that they cannot extend their process into other states, and that any attempt of that kind would be treated in every other forum as an act of usurpation without any binding efficacy, *Galpin v. Page,* 18 Wall. (85 U. S.) 350, 21 L. Ed. 959; that process from the tribunals of one state cannot run into another state and summon parties there domiciled to leave its territory and respond to proceedings against them, and that where the entire object of an action is to determine the personal rights and obligations of a defendant, constructive service upon a nonresident is ineffectual for any purpose, *Pennoyer v. Neff,* 95 U. S. 714, 24 L. Ed. 656; that a party resident beyond the confines of the state is not required to come within its borders and submit his personal controversy to its tribunals upon receiving notice of the suit at the place of his residence, and any such attempt so to ex-

tend authority and control of a state beyond its own territory is futile, *Baker v. Baker, Eccles & Co.* 242 U. S. 394, 37 Sup. Ct. 152, 61 L. Ed. 386."

Consequently, as the court said in *George v. Bode,* 170 Wis. 411, 414, 175 N. W. 939,—in relation to provisions in sec. 4096, 3 and 6, Stats. 1917, which were substantially similar to the above-quoted provisions in sec. 326.12 (2) and (3), Stats. 1943,—

"There may be important and serious questions raised and argued when an order is made under this statute compelling a party in a distant state to appear in Wisconsin for examination under section 4096." *State ex rel. Walling v. Sullivan,* 245 Wis. 180, 187, 13 N. W. (2d) 550.

In *Kentucky F. Corp. v. Paramount A. E. Corp.* 171 Wis. 586, 594, 178 N. W. 9, plaintiff, a foreign corporation organized and located in Kentucky, brought an action in Wisconsin to replevin an automobile which, while it was in Kentucky, was mortgaged to plaintiff, and which upon being brought to Wisconsin was here sold to defendant. Upon its application in the replevin action the circuit court for Milwaukee county ordered plaintiff's secretary, who resided in Kentucky, to appear in Milwaukee and there submit to an examination by defendant, under sec. 4096, Stats. 1917; and the order directed defendant to tender to plaintiff the railroad fare and witness fee. Upon plaintiff's and its secretary's failure to comply with the order, the circuit court ordered plaintiff's complaint stricken and its action dismissed. Plaintiff appealed from both orders. The provisions in the statutes of 1917, which were then involved, were to the following effect:

Sec. 4096, 7, Stats., provided that in case a foreign corporation is a party, the examination of its principal officer, etc., may be had under sec. 4096 "in *any county of this state;*" that the court may *fix* the time and *place in Wisconsin* for

such examination and the *persons* sought *to be examined shall attend* at *such* time and *place* and submit to the examination; and that if required they shall attend to read and sign depositions without service of subpœna.

Sec. 4097, 2, Stats., provided that "If any officer .... of a foreign corporation, . . . be lawfully required to appear and testify, as provided in this chapter, either within or without the state, shall neglect or refuse so to do; . . . such party may be punished as for a contempt and in the discretion of the court, the pleading of such foreign corporation stricken out, and judgment given against it as upon default or failure of proof."

However, in relation to the place of the examination of a *resident* of *this state,* sec. 4096, 6, Stats., provided that "such examination *shall not be compelled in any other county than that in which the party to be examined resides;*" and when such party is a nonresident his examination may be had in any county of the state "if he can be personally served" therein "with notice and subpœna."

Upon an appeal to this court the circuit court's orders were sustained upon the grounds that,—

". . . where, as here, a nonresident corporation comes voluntarily into this state to seek the remedies afforded by the courts of this state . . . such plaintiff must submit to reasonable orders, within the proper exercise of judicial discretion, requiring it to produce documentary evidence or to require its officers to submit to oral examination within the jurisdiction of such court. And in the absence of a showing . . . that such orders are made without notice to such plaintiff and an opportunity on its part to be heard, are arbitrary or oppressive, or require the plaintiff to do that which is beyond its power or ability to do, such orders will be enforced and upheld."

However, upon the review of that decision the United States supreme court concluded in *Kentucky F. Corp. v. Paramount A. E. Corp.* 262 U. S. 544, 551, 43 Sup. Ct. 636, 67 L. Ed. 1112, that the above-stated provisions in secs. 4096 and 4097,

Wis. Stats., which purport to authorize our courts to require a nonresident officer of a foreign corporation, which is a party to an action in Wisconsin, to appear and submit here to an examination, without also providing that a nonresident individual, who is a party to such an action can likewise be required to submit to such an examination in Wisconsin, rendered the statute and the orders then in question discriminatory and therefore unconstitutional and void because they denied the equal protection of · the laws in violation of amendm. XIV, U. S. Const. And in connection therewith the court also concluded that,—

"The discrimination is further illustrated by the provision that as to all residents of Wisconsin, individual and corporate, the examination should be had in the county of their residence, no matter what its distance from the place of suit."

Those conclusions, and particularly the latter, are equally applicable to the provisions in sec. 326.12, Stats. 1943, and the court's orders, which are in question herein, in so far as plaintiff contends that the statutes authorize the court to require, and its orders under review do require, the nonresident defendant to appear in this state and submit here to an adverse examination, while on the other hand, in the case of a resident of this state, the statute prescribes that the place of his examination shall be in the county in which he resides. In thus discriminating between a resident of Wisconsin and a nonresident party, such as McKee, and subjecting the latter, if he fails to appear and testify here pursuant to an order which has not been personally served upon him while in this state,— to the consequence of having the court, acting under sec. 325.11 (5), Stats., "strike out his pleading, and give judgment against him as upon default or failure of proof," the statutes and orders in question constitute a denial of the equal protection of the laws and of due process of law in violation of amendm. XIV, U. S. Const., and are therefore unconsti-

tutional and void. The decision in *State ex rel. Walling v. Sullivan, supra,* is not in point in that the order then held valid did not require the nonresident party to come from Illinois, where he resided, into Wisconsin and submit here to an adverse examination. As the orders in question are void, McKee is entitled to the writ of prohibition directing that they be vacated and set aside and that the court refrain from any further proceedings by way of the enforcement thereof or for noncompliance therewith.

*By the Court.*—Let the writ of prohibition issue as prayed for in the petition.