**In re STAHL, ASANO, SHIGETOMI ASSOCIATES, Jon Riley Stahl, and Noriko Asano Stahl, Debtor.**

**Bankruptcy No. 79–00243.**

United States Bankruptcy Court, D. Hawaii.

Dec. 22, 1983.

Paul Maki, Honolulu, Hawaii, for debtor.

Lawrence I. Weisman, pro se.

## MEMORANDUM DECISION

JON J. CHINEN, Bankruptcy Judge.

The issue before this Court is whether this Court should set aside its order of September 16, 1981 awarding compensation

to Mr. Lawrence Weisman, former attorney for Debtors.

A hearing was held on October 26, 1981, at which time the Court orally granted the Motion to Set Aside the Order Awarding Compensation to Mr. Weisman, with the Court reserving the right to review the matter of service on Mr. Weisman.

Thereafter, on November 30, 1981, Stahl, Asano, Shigetomi Associates, and Jon Riley Stahl and Noriko Asano Stahl, hereafter jointly "Debtors", filed a Request For Order on Motion To Set Aside Order Awarding Compensation To Attorney For Debtors, or, In The Alternative, For Second Hearing on Said Matter. Service was made on Mr. Weisman by mail and on Mr. Paul D. Lynch.

Then on March 10, 1982, Mr. Weisman filed a Notice To Dismiss Debtors' Motion To Reopen The Case of October 15, 1981, Debtors' Motion To Set Aside Order Awarding Compensation To Attorney For Debtors, Debtors' Request For An Order To Set Aside The Order Awarding Compensation And Debtors' Request For a Second Hearing On The Motion For Compensation.

On March 12, 1982, Debtors' Motion filed on November 30, 1981 and Mr. Weisman's Motion were heard. Present were Paul Maki, Esq., representing Debtors, Lawrence Weisman, Esq., John Scott, Esq., and Thomas Dunn, Esq., all representing Mr. Weisman. Mr. Jon Stahl, one of the Debtors, was also present.

Following the hearing, the Court requested additional memoranda on two questions:

(1) Whether the Court had jurisdiction over Mr. Weisman, who had left Hawaii and was then residing in Maryland.

(2) Whether Debtors' lack of notice of the September 16, 1981 judgment entitled them to reopen the judgment more than ten days after its entry.

Based upon the evidence adduced, the memoranda and records in the file and arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

On October 2, 1979, Mr. Weisman, then attorney for Debtors, filed his Application By Attorney For Debtor For Interim Compensation And Reimbursement Of Expenses. The application was for the period June 4, 1979 through September 25, 1979, requesting $11,230.00 for fees, $449.20 excise tax and $79.95 costs advanced. The hearing was scheduled for October 19, 1979. However, no notice was sent to Debtors.

At the continued meeting of creditors held on October 19, 1979, because of other pressing matters, the hearing on the fee application was continued until November 8, 1979, to be heard after the meeting of creditors scheduled for the same day.

At the continued meeting of creditors on November 8, 1979, because all counsel decided to await the outcome of several appeals which had been taken to the District Court, the hearing on the application of fees was continued until moved on.

On January 4, 1980, Mr. Weisman filed a Notice of Hearing of Application and Confirmation of Debtors' Plan of Reorganization which was set for January 14, 1980. No notice was sent to Debtors.

On January 14, 1980, at the continued first meeting of creditors, because of other pressing matters, the hearing on the application for compensation was continued until January 31, 1980, following the next continued meeting of creditors.

On January 31, 1980, the continued first meeting of creditors, confirmation hearing and the motion for appointment of a trustee were held. However, Mr. Weisman's application for compensation was continued until moved on. Mr. Jon Stahl was present.

On February 25, 1980, Mr. Weisman filed an Amended Application By Attorney For Debtor For Interim Compensation of Expenses for the period June 14, 1979 through December 31, 1979, requesting fees of $31,252.00, including excise taxes, plus $683.83 in costs. No notice was given to Debtors.

On May 19, 1980, Mr. Weisman filed a Motion To Withdraw as Counsel. Notice was not given to Debtors; thus, on the

same day, Mr. Weisman stated that he will request another hearing date, after service was made on Debtors.

On May 27, 1980, Mr. Weisman filed a Notice of Hearing on Application By Attorneys For Debtor For Interim Compensation and Reimbursement of Expenses, wherein the hearing was scheduled for June 6, 1980. No notice was given to Debtors.

On May 29, 1980, Mr. Weisman filed an Amended Application By Attorney For Debtor For Interim Compensation Of Expenses. No notice was given to Debtors.

Finally, as scheduled, on June 6, 1980, a hearing on Mr. Weisman's Application For Interim Compensation was held. Debtors were not present. Because of opposition by some creditors, the Court requested proposed Findings of Facts and Conclusions of Law.

Meanwhile, on June 27, 1980, this Court issued its Findings of Fact, Conclusions of Law and Order on Motion to Dismiss, which had been filed on May 9, 1980. Since the stay of proceedings on the Makani Kai Hotel had been lifted and Debtors had offered no viable plan for reorganization, the Court dismissed the Chapter XII proceedings.

On September 16, 1981, this Court issued its Order Awarding Compensation to Attorney for Debtors. Thereafter on September 30, 1981, an Order Closing Estate was filed.

On October 15, 1981, Debtors through Paul Maki, Esq. filed their Motion To Set Aside Order Awarding Compensation To Attorney For Debtors. In the motion, Debtors contended that neither they nor their attorney was given notice of the hearing on Mr. Weisman's application for fees. Service of the motion was made on Lawrence I. Weisman, c/o Office of Jon Chenin, Honolulu, Hawaii. The hearing was scheduled for October 26, 1981.

On October 23, 1981, Debtors filed an Application To Reopen The Case To Consider The Motion To Set Aside Order Awarding Compensation To Attorney For Debtors. Service of the application was made upon Mr. Weisman by mail at his address in Sparks, Maryland.

On October 26, 1981, a hearing was held on Debtors' Motion To Set Aside Order Awarding Compensation To Attorney For Debtor, at which hearing only Paul Maki, Esq., attorney for Debtors, appeared. After a brief hearing, the Court granted the motion, subject to the Court's review of its jurisdiction over Mr. Weisman.

On November 30, 1981, Debtors filed a Request For Order On Motion To Set Aside Order Awarding Compensation To Attorney For Debtors, Or, In The Alternative, For Second Hearing On Said Motion. Service on Mr. Weisman was by mail, and service was also made on Paul D. Lynch, Esq.

On March 10, 1982 at 8:00 a.m. Mr. Weisman filed his Motion To Dismiss Debtors' Motion To Reopen The Case of October 15, 1981, Debtors' Motion To Set Aside Order Awarding Compensation To Attorney For Debtors, Debtors' Request For An Order To Set Aside The Order Awarding Compensation And Debtor's Request For A Second Hearing On The Motion For Compensation.

On March 10, 1982, commencing at 8:45 a.m., all of the motions filed by Debtors regarding setting aside of Mr. Weisman's fees and Mr. Weisman's Motion filed on March 10, 1982 were heard. Present were Paul Maki, Esq., for Debtors, along with Mr. Jon Stahl, one of the Debtors, Lawrence Weisman, Esq., representing himself, along with co-counsel, John Scott and Thomas Dunn. After the hearing, because of the memorandum filed by Mr. Weisman that very morning, the Court allowed Debtors additional time to file their reply memoranda. All memoranda were to be filed by April 7, 1982.

Debtors contend that, because they were not given notice of the hearing on Mr. Weisman's fee application, the order granting the fee should be set aside.

Mr. Weisman contends that this Court has no personal jurisdiction over him and that, because the various motions filed by Debtors were more than ten days after the filing of the Notice of Entry of Order or Judgment and because of the Order Closing Estate, Debtors' Motion should be denied.

## CONCLUSIONS OF LAW

The Bankruptcy Court is a court of equity. 28 U.S.C. Sec. 1481. As such, the Court must make certain that all interested parties in a case are treated fairly and equitably.

In the instant case, Mr. Weisman, who was counsel of record for Debtors when his application for fees was filed, failed to serve Debtors with notice of the hearing on his fee application. Such notice to Debtors was imperative. Therefore, Debtors are entitled to a new hearing.

Mr. Weisman contends, however, that this Court has no personal jurisdiction over him and thus cannot require him to attend another hearing. Mr. Weisman's position is untenable.

When Mr. Weisman filed an application for appointment as attorney for Debtors and was so appointed, this Court obtained jurisdiction over Mr. Weisman. Such jurisdiction was reaffirmed when Mr. Weisman filed his application for fees with this Court.

A court's jurisdiction in a case depends upon the facts which exist at the time the jurisdiction was invoked, i.e., at the time of the commencement of the action. 20 Am.Jur.2d Courts § 143. That jurisdiction is not ousted by subsequent events. *Id.* §§ 143, 148. If a court has acquired jurisdiction over an individual, it retains that jurisdiction despite a change of residence of that individual. *Id.* § 148, *State v. Sullivan,* 245 Wis. 180, 13 N.W.2d 550, 553 (1944).

Mr. Weisman also contends that this Court should not reopen this case, because Debtors' failed to show cause for reopening the case. Mr. Weisman's argument is without merit.

Rule 515 of the Bankruptcy Rules provides that, "A case may be reopened on application by the bankrupt or other person to administer assets, to accord relief to the bankrupt, or for other good cause."

In *Matter of Shen,* 7 B.R. 942 (1980), the District Court stated:

A motion to reopen bankruptcy proceedings under Bankruptcy Rule 515 is addressed to the sound discretion of the trial judge.... Such a motion will be granted only for cause shown, *Hull v. Powell,* 309 F.2d 3 (9th Cir.1962), and the determination of what constitutes sufficient good cause is within the trial court's discretion. *Bartle v. Markson,* 357 F.2d 517 (2d Cir.1966). The burden of proof in establishing good cause is on the party seeking to reopen the bankruptcy proceeding. *In re Fair Creamery Co.,* 193 F.2d 5 (6th Cir.1951).

In the instant case, Mr. Weisman had failed to give notice of the hearing on his fee application to Debtors and their attorney. The Debtors, out of whose estate the fees are to be paid, have an interest in Mr. Weisman's fee application and should have been given notice of such hearing. This Court finds failure to give notice to Debtors and their counsel of the hearing to be good cause to reopen the bankruptcy proceeding to have a rehearing on the fee application.

Mr. Weisman contends that the Debtors' motions were not timely filed, claiming that the motions should have been filed within ten days of the entry of the order. This argument also is without merit.

Rule 60(b) of the Federal Rules of Civil Procedure provides that a party may seek relief within a reasonable time from a final judgment, order or proceeding under certain circumstances. Relevant portions of Rule 60(b) provide as follows:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect .... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void.... The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken....

Rule 60 of the Federal Rules of Civil Procedure is applicable to these proceedings by virtue of Bankruptcy Rule 924. That rule provides:

> Rule 60 of the Federal Rules of Civil Procedure applies to bankruptcy cases, except that a motion to reopen a case or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one-year limitation therein prescribed. . . .

█ It is clear that a motion under 60(b) "is addressed to the sound discretion of the Court." 11 Wright & Miller, *Federal Practice and Procedure: Civil* § 2857. Also, the policy of the law is to favor the hearing of litigants' claims on the merits. *Id.* at note 76. Furthermore, the "mistake, inadvertence, surprise, or excusable neglect" of Rule 60(b)(1) is not limited to that of the movant. It can also be that of others. *Id.,* § 2858 at note 94.

*Blois v. Friday,* 612 F.2d 938 (5th Cir. 1980) is applicable here. In said case, plaintiffs' attorney failed to notify the district court of his change of address. Consequently, he did not receive notice of defendants' motion for summary judgment until the time to answer the motion had passed. The district court entered a default in the motion for summary judgment and denied plaintiff's Rule 60(b) motion. The Fifth Circuit Court reversed and held that the denial of the Rule 60(b) motion was an abuse of discretion by the lower court.

█ Rule 60(b) requires only that the motion be made within a "reasonable time". The notice of the September 16 order granting Mr. Weisman his fees was apparently mailed to Debtors at their former hotel which had been sold. The Debtors filed their motion to set aside such order or for a new hearing on October 15. The Court finds such time to be reasonable.

The Debtors have shown the following facts which bring this matter within the purview of Rule 60(b)(1), (3) and (4), as well as subpart (6):

1. Weisman asked this Court to act upon an application made 20 months previously without giving Debtors notice of this renewed request;

2. Weisman failed to advise the Court of certain facts known to himself:

a. Property, which Weisman represented in his fee application would result in $3 million to the Debtors, was sold in foreclosure with no gain to the Debtors;

b. Weisman sued the Debtors in the Circuit Court of the First Circuit of the State of Hawaii seeking a judgment for fees allegedly due. The Debtors have counterclaimed alleging damages resulting from Weisman's malpractice.

The Ninth Circuit Court set forth a guide for the trier of facts in granting or denying a 60(b) motion. *In Schwab v. Bullock's Inc.,* 508 F.2d 353 (9th Cir.1974), the Court stated:

> While a district judge has discretion to grant or deny a 60(b) motion to vacate a default judgment, that discretion is limited by three important considerations. First, Rule 60(b) is remedial in nature and must be liberally applied. . . . Second, default judgments are generally disfavored; whenever it is reasonably possible, cases should be decided on their merits. . . . Third, and as a consequence of the first two considerations, "[w]here timely relief is sought from a default judgment, and a party has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on the merits."

█ Mr. Weisman's contention that Section 57(k) of the Bankruptcy Act bars Debtors' motion of October 15 is without merit. Bankruptcy Rule 307 modifies said § 57(k). In discussing the impact of Rule 307 of § 57(k) of the Bankruptcy Act, the commentators describe it as follows:

> Rule 307 substantially revises § 57k and former General Order 21(6). It provides that a party in interest may move for reconsideration of an order *allowing or disallowing* a claim. (Commentator's emphasis.) If the motion is granted the

court may, after hearing on notice, "make such order as may be appropriate." *The rule does not retain the limitation imposed by § 57k that apparently forecloses reconsideration after the case has been closed.* (Emphasis added.)

See Comment to Rule 57(k) appearing in Par. 1, 1976 Collier Pamphlet Edition, Bankruptcy Act and Rules.

Based on the foregoing, the Court finds that it is only fair and equitable that the matter of Mr. Weisman's fees be litigated with proper notice being served upon Debtors. The Court thus hereby reopens the case for the sole purpose of rehearing the matter of Mr. Weisman's fees.

An Order will be signed upon presentment.